IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE ATLAS ROOFING CORPORATION CHALET SHINGLE PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2495 1:13-md-2495-TWT |
| DIANE DISHMAN, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION FILE NO. 1:13-CV-2195-TWT |
| ATLAS ROOFING CORPORATION, | |
| Defendant. | |

**OPINION AND ORDER**

This is one case in a multi-district action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendant Atlas Roofing Corporation's Motion to Dismiss Counts III, IV, V, VI, and VIII of the Plaintiffs Diane Dishman, Rodney Dishman, and Anthony Costanzo's Complaint. [Doc. 3]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 3] is GRANTED in part and DENIED in part.

## I. Background

The Plaintiffs Diane Dishman, Rodney Dishman, and Anthony Costanzo are purchasers of the Atlas Chalet Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendant Atlas Roofing Corporation ("Atlas").[1] Atlas represented and continues to represent – in marketing material and on the Shingles packaging – that the Shingles met applicable building codes and industry standards.[2] Atlas also provided a limited thirty-year warranty against manufacturing defects.[3]

The Plaintiffs claim that the Shingles are defective due to a flaw in the manufacturing process. This process – which allegedly does not conform to applicable building codes and industry standards – "permits moisture to intrude into the Shingles, creating a gas bubble that expands when the Shingles are exposed to the sun resulting in cracking, blistering and premature deterioration of the Shingles."[4] The Plaintiffs filed suit, asserting claims for: breach of express warranty (Count I), breach of implied warranty of merchantability (Count II), negligent design (Count III), strict products liability (Count IV), unjust enrichment (Count V), and fraudulent concealment (Count

---

[1]    Compl. ¶ 2.

[2]    Compl. ¶ 45.

[3]    Compl. ¶ 45.

[4]    Compl. ¶ 54.

VI). The Plaintiffs seek damages, litigation expenses,[5] and equitable relief.[6] The Defendant moves to dismiss Counts III, IV, V, VI, and the Plaintiffs' request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[9] Generally, notice pleading is all that is required for a valid

---

[5]    The Plaintiffs' request for litigation expenses was labeled Count VII.

[6]    The Plaintiffs' request for equitable relief was labeled Count VIII.

[7]    Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

[8]    Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[9]    See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[10] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[11]

## III. Discussion

### A. Declaratory and Injunctive Relief

The Plaintiffs request that the Court issue a declaratory judgment stating that:

a. . . .the Shingles [have] a defect which results in premature failure;
b. . . . Defendant's warranty fails of its essential purpose;
c. . . . Defendant's warranty is void as unconscionable[.][12]

In addition, the Plaintiffs also request that the Court issue an injunction mandating that:

d. . . . Defendant [must] notify members of the Declaratory Relief Class of the defect;
e. . . . Defendant [must] reassess all prior warranty claims by members of the Declaratory Relief Class . . .;
f. . . . Defendant [must] inspect the roofs/Shingles of all Declaratory Relief Class members who have not filed warranty claims and . . . repair and/or replace the Shingles.[13]

---

[10]    See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[11]     See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

[12]    Compl. ¶ 149.

[13]    Compl. ¶ 149.

To begin, the Plaintiffs' request for injunctive relief must be dismissed. Injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is *no adequate legal remedy*."[14] Here, the Defendant argues – correctly – that the Plaintiffs do not even allege that legal remedies would be inadequate. Monetary damages would sufficiently compensate the Plaintiffs for the Shingles that have blistered or cracked. In response, the Plaintiffs argue that they are allowed to plead alternative and inconsistent claims. But the problem here is not that the Plaintiffs' request for injunctive relief is inconsistent with their other claims, it is that they have failed to state a plausible claim for injunctive relief to begin with.[15] The Plaintiffs then argue that the Defendant's

---

[14]   <u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1127 (11th Cir. 2005) (emphasis added).

[15]   As a technical matter, the Court must dismiss the Plaintiffs' first requested injunction – that the Defendant must notify owners of the defect – on jurisdictional grounds. "[S]tanding is a threshold jurisdictional question which must be addressed prior to . . . the merits of a party's claims." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotation marks omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." <u>Id.</u> "To have Article III standing to pursue injunctive relief . . . a plaintiff must have . . . an injury in fact that is capable of being redressed by the injunction." <u>Virdi v. Dekalb Cnty. School Dist.</u>, 216 Fed. Appx. 867, 871 (11th Cir. 2007). Here, the Defendant correctly notes that the Plaintiffs would not benefit from this injunction. If, during this litigation, it is established that the Shingles are indeed defective, it is unclear what the Plaintiffs would gain from having the Defendant simply notify them of this fact.

motion to dismiss the Plaintiffs' request for equitable relief is "essentially an effort to strike a potential remedy, which must be done . . . pursuant to Rule 12(f)."[16] But the Defendant is clearly not requesting that the Court strike a portion of the Complaint. The Defendant is arguing that the allegations in the Complaint do not establish a plausible claim for injunctive relief. Courts routinely dismiss requests for injunctive relief on this basis.[17]

To receive declaratory relief, however, the Plaintiffs do not have to establish irreparable injury or the inadequacy of legal remedies.[18] In moving to dismiss the claim for declaratory relief, the Defendant first argues that the Plaintiffs do not have standing because the requested declarations will not redress their injury. To satisfy the

---

[16]   Pls.' Resp. to Mot. to Dismiss, at 3.

[17]   See, e.g., Genger v. C.I.R., 878 F.2d 385 (9th Cir. 1989) ("[The plaintiff] did not demonstrate that legal remedies were inadequate. Because [the plaintiff] did not meet [the requirements] of the exception to the non-injunction rule, the district court's dismissal of this aspect of her suit was correct."); Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp. 665, 673 n.10 (N.D. Ga. 1997) ("[T]he Court finds that Plaintiff has an adequate remedy at law–compensatory damages; thus, Plaintiff's claim for injunctive relief lacks merit as a matter of law and is dismissed."); Tiller v. State Farm Mut. Auto. Ins. Co., No. 1:12-CV-3432-TWT, 2013 WL 451309, at *8 (N.D. Ga. Feb. 5, 2013) ("[B]ecause there is an adequate remedy at law for the violations alleged, the Plaintiffs' claim for injunctive relief should be denied.").

[18]   See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) ("[A]llegations that irreparable injury is threatened are not required."); Katzenbach v. McClung, 379 U.S. 294, 296 (1964) ("Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists.").

constitutional case-or-controversy requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[19] The Plaintiffs may establish redressability if they show that the "practical consequence" of the declaratory relief "would amount to a significant increase in the likelihood that the plaintiff[s] would obtain relief that directly redresses the injury suffered."[20] Here, the requested declarations – e.g., that the Shingles are defective – would make it more likely that the Plaintiffs would obtain the necessary relief from the Defendant because it would establish an essential component to liability. And although the Plaintiffs' remaining claims may provide more direct relief, the Declaratory Judgment Act allows plaintiffs to seek a declaration of rights "whether or not further relief is or could be sought."[21]

The Defendant then argues that the Court ought to exercise its discretion to decline the Plaintiffs' declaratory relief request because it overlaps with other claims brought in this action.[22] For example, the Defendant argues that many of the Plaintiffs' other claims will require a determination as to whether the Shingles were defective.

---

[19]   Allen v. Wright, 468 U.S. 737, 751 (1984).

[20]   Utah v. Evans, 536 U.S. 452, 464 (2002).

[21]   28 U.S.C. § 2201.

[22]   Def.'s Mot. to Dismiss, at 13-15.

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[23] "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[24] "[T]he range of considerations available to the district court in deciding whether to entertain the declaratory action is vast."[25] The Eleventh Circuit "has previously recognized convenience of the parties . . . as relevant."[26] Here, the Plaintiffs' argument is that – assuming they successfully obtain class certification – there may be class members whose Shingles have not yet blistered or cracked. Consequently they will not have ripe claims for breach of warranty. Thus, there will be no redundancy for these class members because – at the time of litigation – they will *only* qualify for declaratory relief.[27] This is a permissible purpose for seeking declaratory relief.[28] And given that

---

[23]     Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

[24]     Id. at 288.

[25]     Manuel v. Convergys Corp., 430 F.3d 1132, 1137-38 (11th Cir. 2005).

[26]     Id. at 1135.

[27]     The Seventh Circuit explained the mechanics of such an approach when it affirmed a district court's decision to certify two classes in a products liability suit:

The court split the purchasers of windows into two groups: those who have

the Court will have to resolve nearly identical factual issues with the other claims, it would be an efficient use of judicial resources to permit this declaratory judgment claim. Accordingly, the Plaintiffs may pursue their claim for declaratory relief for now.

**B. Unjust Enrichment**

The Defendant argues that the Plaintiffs may not pursue their unjust enrichment claim because there are contracts governing the transactions between the Plaintiffs and the Defendant. Under Georgia law, "unjust enrichment is available only when there

---

replaced their windows, and those who have not. Those who have replaced their windows are properly members of the (b)(3) class because they require the award of damages to make them whole. Those who have not replaced their windows but might in the future because of the purported design flaw are properly members of a (b)(2) class. Such purchasers would want declarations that there is an inherent design flaw, that the warranty extends to them and specific performance of the warranty to replace the windows *when they manifest the defect*, or final equitable relief.

Pella Corp. v. Saltzman, 606 F.3d 391, 395 (7th Cir. 2010) (emphasis added).

28    See Hardware Mut. Cas. Co. v. Schantz, 178 F.2d 779, 780 (5th Cir. 1949) ("The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty."); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.").

is no legal contract."[29] If there is a valid contract, "then Plaintiff cannot succeed on an alternative theory of recovery for unjust enrichment."[30]

Here, the Plaintiffs allege that they were given an express warranty by the Defendant,[31] and "[a]n express warranty is a contract."[32] The Defendant concedes that it issued the Plaintiffs a limited warranty.[33] In response, the Plaintiffs first argue that they are contesting the enforceability of the express warranty. The paragraphs of the Complaint cited by the Plaintiffs contain no such allegation. Although the Plaintiffs allege that the Defendant has not honored warranty claims filed directly with the Defendant,[34] and that the warranty contains unenforceable *limitations*,[35] they never deny the general validity of the warranty. In fact, their breach of express warranty

---

[29]    American Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006).

[30]    Stroman v. Bank of Am. Corp., 852 F. Supp. 2d 1366, 1378 (N.D. Ga. 2012).

[31]    Compl. ¶ 78.

[32]    Atlanta Tallow Co. v. John W. Eshelman & Sons, Inc., 110 Ga. App. 737, 751 (1964).

[33]    Def.'s Mot. to Dismiss, at 16-17.

[34]    Compl. ¶¶ 56, 84.

[35]    Compl. ¶¶ 85, 98-99.

claim is predicated on the enforceability of this warranty.[36] The Plaintiffs then argue that they are asserting the unjust enrichment claim in the alternative. However, "a plaintiff may not plead an unjust enrichment claim in the alternative to a claim for breach of contract when it is undisputed . . . that a valid contract exists."[37] Here, as noted, both parties acknowledge that there is an express warranty. Finally, the Plaintiffs argue that they ought to be allowed to pursue their unjust enrichment claim since they may not prevail on their contract claim. But the Plaintiffs may only prevail on an unjust enrichment claim in the absence of a contract, not just in the absence of a successful contract *claim*. Thus, the Plaintiffs' unjust enrichment claim should be dismissed.

### C. Fraudulent Concealment

Under the Federal Rules of Civil Procedure, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . .."[38] Allegations concerning the "date, time or place satisfy the [particularity] requirement . . . but alternative means are also available to satisfy the rule."[39] The Eleventh Circuit has

---

[36]     Compl. ¶¶ 76-88.

[37]     Clark v. Aaron's, Inc., 914 F. Supp. 2d 1301, 1310 (N.D. Ga. 2012).

[38]     Fed. R. Civ. P. 9(b).

[39]     Durham v. Business Mgmt. Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

cautioned that this rule "must not abrogate the concept of notice pleading."[40] Here, the Plaintiffs satisfy the heightened pleading requirement. The Plaintiffs allege that the Defendant – before and during the sale of the Shingles – fraudulently represented that the Shingles were manufactured in conformity with applicable industry standards and building codes.[41] In response, the Defendant argues that the allegations "fail to identify the manner in which any such statements misled [the named Plaintiffs] . . . or whether and how [the named Plaintiffs] relied on such statement to their detriment."[42] Even assuming that this level of specificity is necessary, the Complaint provides it: "If [the Defendant] had disclosed the [material] facts to Plaintiffs . . . and they had been aware of said facts, they would have negotiated additional warranty coverage, negotiated a lower price to reflect the risk or simply avoided the risk all together by purchasing different shingles from one of Atlas' competitors."[43] Thus, the Defendant's Motion to Dismiss the Plaintiffs' fraudulent concealment claim should be denied.

---

[40]   Id. at 1511.

[41]   Compl. ¶¶ 45, 131.

[42]   Def.'s Mot. to Dismiss, at 23.

[43]   Compl. ¶ 136.

### D. Negligence and Strict Liability

The Defendant argues that the strict liability and negligence claims are barred by the economic loss rule. "The economic loss rule provides that absent personal injury or damage to property other than to the allegedly defective product itself an action in negligence does not lie and any such cause of action may be brought only as a contract warranty action."[44] This rule applies to strict liability claims as well.[45] Here, the Plaintiffs Diane and Rodney Dishman only adequately allege damage to the Shingles themselves. Although the Complaint contains a vague allegation that other property was damaged, a party must do more than "tender[] naked assertion[s] devoid of further factual enhancement."[46] The Defendant concedes, however, that the Plaintiff Costanzo has sufficiently alleged damage to other property. He alleged that the defective Shingles permitted "leaks into his home damaging other property, including . . . drywall in his ceiling in multiple areas of his house."[47]

---

[44]   Holloman v. D.R. Horton, Inc., 241 Ga. App. 141, 147 (1999).

[45]   See Home Depot U.S.A., Inc. v. Wabash Nat. Corp., 314 Ga. App. 360, 366 (2012) ("[T]he economic loss rule bars the plaintiff from seeking recovery under strict liability or negligence theories.").

[46]   Iqbal, 556 U.S. at 678.

[47]   Compl. ¶ 25.

The Plaintiffs argue that the economic loss rule is inapplicable because of the "misrepresentation exception." Under this exception, "[o]ne who, in the course of his business . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."[48] This exception, however, appears to only apply to misrepresentation *claims*; e.g., negligent or intentional misrepresentation.[49] The Plaintiffs cite to no authority for their broad reading of this exception: that if a party alleges a misrepresentation, then any and all tort claims – even those for which "misrepresentation" is not an element – survive the economic

---

[48]     Holloman, 241 Ga. App. at 148.

[49]     See, e.g., Home Depot U.S.A., Inc., 314 Ga. App. at 366 ("It is undisputed that the fraud and negligent misrepresentation claims asserted by Home Depot fell within the misrepresentation exception. The issue, therefore, is whether Home Depot's remaining tort claims fell within the accident exception. The trial court properly concluded that they did not."); Waithe v. Arrowhead Clinic, Inc., No. CV 409-021, 2012 WL 776916, at *8 n.9 (S.D. Ga. Mar. 7, 2012) ("Georgia recognizes an exception to the economic loss rule for claims of misrepresentation . . . [but] the instant claim is not based on misrepresentation, but rather on negligent maintenance of patient accounts. Therefore, the misrepresentation exception is not applicable here."); Carolina Cas. Ins. Co. v. R.L. Brown & Associates, Inc., No. CIV.A. 1:04-CV-3537-GET, 2006 WL 3625891, at *5 (N.D. Ga. Dec. 11, 2006) ("[T]he Supreme Court of Georgia adopted an exception to the economic loss rule, which allows a plaintiff to assert a claim for negligent misrepresentation against a defendant . . ..").

loss rule. Accordingly, the Plaintiffs Diane and Rodney Dishman's negligence and strict liability claims should be dismissed. The Plaintiff Costanzo may, for now, pursue his negligence and strict liability claims to the extent that he is seeking to recover for damage to property other than the Shingles themselves.

### E. Equitable Estoppel

In the Complaint, the Plaintiffs claimed that the Defendant is equitably estopped from arguing that the Plaintiffs' claims are time-barred. The Defendant, in its Motion to Dismiss, argues that the Plaintiffs' allegations do not support an equitable estoppel argument. There is no reason to resolve this issue now. In moving to dismiss, the Defendant does not argue that the Plaintiffs' claims are time-barred. Thus, the Court need not address the merits of the Plaintiffs' estoppel and tolling arguments at this stage of the litigation.

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant's Motion to Dismiss [Doc. 3].

SO ORDERED, this 9 day of July, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge